**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WALTER E. MERIDETH, JR., 1855334,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-CV-1066-B** |
| | ) | |
| **DR. RABIA KHAN and CAROLYN TUNE,** | ) | |
| **Defendants.** | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.      Background**

Plaintiff is incarcerated in the Hutchins State Jail.  He filed this complaint pursuant to 42 U.S.C. § 1983.  He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.  Defendants are Dr. Rabia Khan and Carolyn Tune.  Process has not issued pending judicial screening.

Plaintiff claims Defendants conspired to create a fraudulent doctor visit form showing that Plaintiff was examined by Doctor Khan.  Plaintiff states he has never seen this doctor.  Plaintiff claims Doctor Khan wrote drug prescriptions in Plaintiff's name, which Carolyn Tune then used to obtain the drugs and sell them on the street.  Plaintiff seeks an arrest of the Defendants and money damages.

**II.**     **Screening**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may

be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28

U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise

a right to relief above the speculative level . . . ."  *Id*. at 555.  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged.*"  Ashcroft v. Iqbal*, 556 U.S. 662, 129

S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the

plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

**III.**     **Discussion**

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a

deprivation of a right secured by the Constitution and laws of the United States; and (2) a

deprivation of that right by a defendant acting under color of state law.  *West v. Atkins*, 487 U.S.

42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  The Fourteenth

Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of

life, liberty, or property without due process of law."  The Fourteenth Amendment prohibits only

that action which may be fairly attributed to the States.  *Shelley v. Kramer*, 334 U.S. 1, 13 (1948).

The Fourteenth Amendment does not shield purely private conduct, however discriminatory or

wrongful.  *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes*

*v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff has failed to allege or show that Defendants acted under color of state law.  He states Doctor Khan works for the Neurology and Pain Center in Irving, Texas.  He states Carolyn Tune works for Prudential Medical Supplies in Fort Worth, Texas.  Plaintiff has therefore failed to allege that Defendants acted under color of state law as required by § 1983.

Further, except for his § 1983 claims, Plaintiff has failed to allege any other basis for federal question jurisdiction.  He also failed to allege diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff's complaint should be dismissed.

## RECOMMENDATION

The Court recommends that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 8th  day of April, 2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).